FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANN ADAMS,<br><br>　　　　Defendant. | No. 4:25-CV-05084-RLP<br><br>**ORDER GRANTING MOTION FOR SUBPOENA, IN PART, AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER** |

Before the Court are Plaintiff Ali Kane's Motion in Support of Subpoena, ECF No. 40, and Motion for Temporary Restraining Order (TRO), ECF No. 41. Mr. Kane also submitted an amended proposed subpoena. ECF No. 44. Ms. Adams submitted a response to Mr. Kane's Motion for a TRO. ECF No. 445. The motions were considered without oral argument. For the reasons set forth below, the Court grants Mr. Kane's Motion in Support of Subpoena, in part, and denies his Motion for a TRO.

ORDER GRANTING MOTION FOR SUBPOENA, IN PART, AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 1

LEGAL PRINCIPLES

Parties are entitled to broad discovery in civil actions, subject to some limitations on frequency and extent. *See* FRCP 26 (b)(1), (2) (parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within this scope of discovery need not be admissible in evidence to be discoverable."). A subpoena is a form of discovery device available to parties in a civil action. FRCP 45.

Federal Rule of Civil Procedure (FRCP) 65 governs temporary restraining orders (TROs). "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FRCP 65(b)(1).

The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction. *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S.

ORDER GRANTING MOTION FOR SUBPOENA, IN PART, AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 2

7, 24 (2008). The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).

The proper legal standard for preliminary injunctive relief requires a party to demonstrate: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("a showing on all four prongs" is required).

DISCUSSION

Mr. Kane first asks this court to grant his request for a subpoena. His amended proposed subpoena requests the Washington Department of Corrections (DOC) produce the names, DOC identification numbers, and cell numbers "of all individuals incarcerated in Echo Mod IMU North" from June 10, 2025 to June 13, 2025. ECF No. 44. Yet, in his Motion in Support of Subpoena, ECF No. 40, Mr. Kane also requests the disciplinary records and behavior observation entries of the incarcerated individuals. ECF No. 40.

The Court grants Mr. Kane's Motion in Support of Subpoena, in part, for the names, DOC identification numbers, and cell numbers for all individuals incarcerated in the "Echo Mod IMU North."

ORDER GRANTING MOTION FOR SUBPOENA, IN PART, AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 3

However, the Court denies Mr. Kane's motion to the extent he requests any additional information including disciplinary records or behavioral observations of those inmates. Mr. Kane may seek to obtain this information by seeking a more narrowly tailored and targeted request for the Court's consideration.

Mr. Kane next asks this court to issue a TRO restraining Ms. Adams from obtaining his medical and DOC records through discovery. ECF No. 42. The Court denies his request. Mr. Kane fails to demonstrate that (1) he is likely to succeed on the merits, (2) will suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tip in his favor, and (4) an injunction is in the public interest. *See Stormans, Inc.*, 586 F.3d at 1127. Moreover, Ms. Adams has yet to seek any of the documents Mr. Kane seeks to restrain her from obtaining, thus his request for a TRO is premature.

CONCLUSION

ACCORDINGLY, **IT IS HEREBY ORDERED**:

1. Mr. Kane's Motion for Subpoena, **ECF No. 40**, is **GRANTED, IN PART.**

2. The Clerk of the Court shall immediately issue the Subpoena to Produce Documents, Electronically Stored Information, or Objects, **attached to this order**, returnable to the Mr. Kane **within 14 days of service of the subpoena by 5:00 p.m.** The Clerk of Court shall also issue a USM-285 form to the U.S. Marshals Service.

ORDER GRANTING MOTION FOR SUBPOENA, IN PART, AND DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 4

3.  The U.S. Marshals Service shall serve the subpoena upon:

Washington Department of Corrections
7345 Linderson Way S.W.
Olympia, WA. 98504-1101

4.  Mr. Kane's Motion for Temporary Restraining Order, **ECF No. 41**, is

**DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to Plaintiff, Defense counsel, and the U.S. Marshals Service.

DATED August 7, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR SUBPOENA, IN PART, AND DENYING
MOTION FOR A TEMPORARY RESTRAINING ORDER ~ 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Washington

| | | |
|---|---|---|
| ALI KANE | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:25-CV-05084-RLP |
| | ) | |
| ANN ADAMS | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _Washington Department of Corrections_
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: The names, Doc numbers & corresponding cell numbers of all individuals incarcerated in Echo Mod Imu North from 6/10/2025 to 6/13/2025

| Place: 1313 North 13th Ave  walla walla, WA 99362 | Date and Time: Within 14 days of service of this subpoena by 5:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____ Issued on 2:30 pm, Feb 20, 2026

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

RECEIVED

Jul 16, 2026

CLERK. U.S. DISTRICT COURT

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:25-CV-05084-RLP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____    on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).