FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Sep 15, 2026
SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALI KANE,<br>Plaintiff,<br>v.<br>ANN ADAMS,<br>Defendant. | No. 4:25-CV-05084-RLP<br><br>**ORDER DENYING SUMMARY JUDGMENT AND GRANTING REQUEST TO STRIKE** |

Before the Court is Plaintiff Ali Kane's Motion for Summary Judgment, ECF No. 42. In considering the motion, the Court reviewed Mr. Kane's declaration, ECF No. 42-1; Ms. Adams's response, ECF No. 46; the declarations of Ms. Adams, Kitzi Brannock, and Sergeant Todd Wise, ECF Nos. 47-49; Ms. Adams's statement of disputed material facts, ECF No. 50; Mr. Kane's reply, ECF No. 54; his reply to the statement of material facts not in dispute, ECF No. 55; his

second declaration, ECF No. 56; and his supplemental reply, ECF No. 58. The motion was considered without oral argument. Because genuine disputes of material fact remain as to four elements of Mr. Kane's retaliation claim, the Court denies his motion for summary judgment. Separately, Ms. Adams asks the Court to strike Exhibit 1 to Mr. Kane's declaration in support of summary judgment, ECF No. 42-2. The Court grants that request.

## LEGAL PRINCIPLES

Summary judgment will be granted if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court views the evidence and inferences therefrom in the light most favorable to the adverse party. *James River Ins. Co. v. Herbert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse

action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

## DISCUSSION

Mr. Kane moves for summary judgment on his First Amendment retaliation claim. He alleges Ms. Adams retaliated against him for filing a grievance complaining that female staff failed to follow required procedures before entering his housing unit. According to Mr. Kane, Ms. Adams threatened to transfer him to a less desirable housing unit if he pursued the grievance and, two days later, caused him to be transferred to another housing unit, where he claims female staff were restricted from entering and his cell had a wet mattress and malfunctioning door.

The parties do not dispute that Mr. Kane engaged in protected conduct by filing a grievance. But genuine disputes of material fact remain as to the remaining elements of his retaliation claim. Ms. Adams denies threatening Mr. Kane, denies participating in his transfer, and disputes his characterization of the conditions of the housing unit and cell to which he was transferred. The parties also dispute whether Mr. Kane's grievance motivated the transfer and whether the transfer instead served legitimate correctional goals.

Viewing the evidence in the light most favorable to Ms. Adams, these

disputes preclude summary judgment. Resolving them would require the Court to weigh competing evidence and make credibility determinations, which it may not do on summary judgment. *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Accordingly, Mr. Kane has not established his retaliation claim as a matter of law, and his motion for summary judgment is denied.

Ms. Adams separately asks the Court to strike Exhibit 1 to Mr. Kane's declaration in support of summary judgment, ECF No. 42-2, which is a copy of his First Amended Complaint. The Court grants the request. The First Amended Complaint is not the operative complaint, Mr. Kane does not rely on Exhibit 1 in support of his motion, and the First Amended Complaint is already part of the record at ECF No. 8. Accordingly, Exhibit 1 is stricken.

CONCLUSION

ACCORDINGLY, **IT IS HEREBY ORDERED**:

1. Mr. Kane's Motion for Summary Judgment, **ECF No. 42**, is **DENIED.**
2. Ms. Adams's request to strike Exhibit 1, **ECF No. 42-2**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to Plaintiff and Defense counsel.

DATED September 15, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE